IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLASSTECH, INC. and | ) | Case No. 02 - 10281 (MFW) |
| GLASSTECH HOLDING CO., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF ANDY N. GOLDMAN, IN SUPPORT OF THE APPLICATION FOR ORDER PURSUANT TO, INTER ALIA, SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING THE RETENTION OF WILMER, CUTLER & PICKERING, NUNC PRO TUNC TO FEBRUARY 14, 2002, AS COUNSEL TO THE STATUTORY COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| NEW YORK ) | |
| ) ss: | |
| NEW YORK ) | |

Andy N. Goldman, being duly sworn, deposes and says:

1. I am a partner in the law firm of Wilmer, Cutler & Pickering ("WCP"), which has offices at, inter alia, 520 Madison Avenue, New York, NY 10022 and 2445 M Street, N.W., Washington, D.C. 20037. I submit this affidavit (the "Affidavit") in support of the Application[1] for an Order approving the retention of Wilmer, Cutler & Pickering ("WCP") as counsel for the Committee, nunc pro tunc to February 14, 2002, and to comply with sections 328(a), 504 and 1103 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules, and Rule 2014-1(a) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the

---

[1] All capitalized terms used in this Affidavit have the meanings given to them in the Application unless otherwise provided in this Affidavit.

"Local Bankruptcy Rules"). Unless otherwise stated in this Affidavit, I have personal knowledge of the matters set forth herein.

2. To the extent that any information set forth herein requires amendment or modification upon WCP's completion of further analysis and diligent inquiry of available data, a supplemental affidavit will be filed with the Court reflecting such amendment or modification.

3. In December 21, 2001 an unofficial committee of the holders of Glasstech, Inc. 12¾% Senior Notes due 2004 with a face value of $70,000,000 (the "Ad Hoc Committee") was formed, and the Ad Hoc Committee retained WCP as counsel in connection with the restructuring of the Debtors.

4. Subsequently, on behalf of the Ad Hoc Committee, WCP and the Debtors executed an Engagement Letter dated as of December 21, 2001 (the "Engagement Letter"), which sets forth the terms and conditions of WCP's retention by the Ad Hoc Committee.

5. From December 21, 2001, through the Petition Date, WCP served as counsel to the Ad Hoc Committee, and for the benefit of Debtors' creditors in general.

6. Pursuant to the Engagement Letter, the Debtors agreed to pay a retainer in the amount of $50,000 to WCP for its reasonable legal fees and expenses to be incurred in connection with its representation of the Ad Hoc Committee. WCP applied its monthly invoices for its reasonable legal fees and expenses to the retainer which is presently $29,317.40. As of the Petition Date, the Debtors do not owe WCP anything on account of unpaid fees and expenses.

### WCP's Disclosure Procedures

7. WCP, a firm with approximately 486 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations, some of which are or may consider themselves to be parties with a significant interest in the Debtors' chapter 11 cases (individually an "Interested Party", and collectively the

2

"Interested Parties"), in their capacities as, for example, Debtors' shareholders, creditors or advisors. WCP has in the past represented, currently represents, and may in the future represent other entities who may be Interested Parties in matters totally unrelated to the Debtors' chapter 11 cases. To the best of my knowledge, WCP does not represent any Interested Parties, except as set forth herein.

8. For purposes of preparing this Affidavit, I implemented a set of procedures developed by WCP to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules regarding the retention of professionals by a debtor or statutory creditors' committee (the "WCP Disclosure Procedures").

9. Pursuant to the WCP Disclosure Procedures, I caused the names of Interested Parties (as provided to WCP by Debtors' general bankruptcy counsel) to be compared to the names in the conflict check system and adverse party index maintained by WCP. The list of Interested Parties provided to WCP includes the following categories, among others: (i) the Debtors and their non-Debtor affiliates, (ii) the Debtors' secured creditors, (iii) the members of the Committee, (iv) other unsecured creditors with claims against the Debtors, (v) the Debtors' major shareholders and (vi) the Debtors' officers and directors. All categories of Interested Parties identified to WCP were checked under the WCP Disclosure Procedures.

10. WCP maintains and systematically updates its conflict check system and adverse party index in the regular course of its business and it is the regular practice of WCP to make and maintain these records. The conflict check system and adverse party index maintained by WCP is designed to include (i) every matter on which WCP is now or has been engaged since 1985, (ii) the entity by which WCP is now or has been engaged in that matter, (iii) the identities of related parties, (iv) the identity of adverse parties, and (v) the WCP attorney that is

3

knowledgeable about the matter. It is WCP's policy that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system and adverse party index the identity of the prospective client, the matter and related and adverse parties. The database is regularly updated for every new matter undertaken by WCP. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

## WCP's Connections with Interested Parties

11. To the best of my knowledge, after due inquiry, in accordance with the WCP Disclosure Procedures, neither I nor WCP, nor any of its partners, counsel and associates, represents any Interested Party (to the extent known), or its attorneys and accountants (to the extent known) in connection with matters related to these cases.

12. Insofar as I have been able to ascertain, neither I nor WCP, nor any of its partners, counsel and associates, has any connection with any Interested Parties (to the extent known), including without limitation the Debtors, their shareholders, their creditors, their accountants, their financial advisors, the United States Trustee or any person employed in the office of the United States Trustee, or their respective attorneys (to the extent known), except as hereinafter set forth:

   A. <u>Committee Members</u>. I have caused a review to be made of the Committee Members. WCP has no connections to any of the Committee Members other than the prepetition representation of Ad Hoc Committee.

   B. <u>Debtors' Other Unsecured Creditors</u>. I have caused a review to be made of the Debtors' unsecured creditors (other than Committee Members), as identified to WCP by Debtors' bankruptcy counsel. WCP has no connections to any unsecured creditors of these estates, who may be Interested Parties. Except insofar as WCP's representation of the Committee may constitute an indirect representation of all unsecured creditors, WCP does not and will not represent an unsecured creditor of the Debtors in any matter related to these chapter 11 cases.

C. <u>Debtors' Secured Creditors.</u> I have caused a review to be made of the Debtors' secured creditors, as identified to WCP by the Debtors' bankruptcy counsel. WCP has no connections to any secured creditors, who may be Interested Parties, and the nature of these connections. WCP does not and will not represent any of the secured creditors in any matter related to these chapter 11 cases.

D. <u>Debtors' Shareholders.</u> I have caused a review to be made of the Debtors' major shareholders, as identified to WCP by the Debtors bankruptcy counsel. WCP has no connections to these shareholders, who may be Interested Parties. WCP does not and will not represent any of these parties in any matter related to these chapter 11 cases.

E. <u>Debtors and Their Non-Debtor Affiliates.</u> I have caused a review to be made of the Debtors and their non-Debtor affiliates, as identified to WCP by the Debtors' bankruptcy counsel. WCP has no connections to these Interested Parties. WCP does not and will not represent any of these parties in any matter related to these chapter 11 cases.

F. <u>Debtors' Attorneys and Other Professionals.</u> I have caused a review to be made of the attorneys and other professionals, identified to WCP by Debtors' bankruptcy counsel as having been retained by the Debtors to provide services with respect to these Chapter 11 cases. WCP has no connections to these attorneys and other professionals. WCP does not and will not represent any of these attorneys or other professionals in any matter related to these chapter 11 cases.

G. <u>Debtors' Insurance Providers.</u> I have caused a review to be made of Debtors' insurance providers, as identified to WCP by the Debtors' bankruptcy counsel. WCP has no connections to these insurance providers. WCP does not and will not represent any of these parties in any matter related to these chapter 11 cases.

H. <u>Debtors' Lessors.</u> I have caused a review to be made of the Debtors' significant real property lessors, as identified to WCP by the Debtors' bankruptcy counsel. WCP has no connections to these lessors, who may be Interested Parties. WCP does not and will not represent any of these parties in any matter related to these chapter 11 cases.

I. <u>Debtors' Directors and Officers.</u> I have caused a review to be made of the Debtors' directors and officers, as identified to WCP by the Debtors' bankruptcy counsel. WCP has no connections to these directors and officers, who may be Interested Parties. WCP does not and will not represent any of these parties in any matter related to these chapter 11 cases.

J. <u>Ownership of Debtors' Securities by WCP Attorneys.</u> I have caused an inquiry to be made of all WCP attorneys to determine if any WCP attorney holds any equity securities or debt securities of the Debtors. As a result of that inquiry, I have not become aware of any WCP attorneys who hold securities of the Debtors.

13. None of the parties-in-interest listed who are Interested Parties is or who has been a WCP client accounted for more than 5% of the firm's revenues during fiscal year 2000.

14. With respect to the Debtors, WCP is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that WCP, its partners, counsel and associates:

>   (1) Are not creditors, equity security holders or insiders of the Debtors;
>
>   (2) Are not and were not investment bankers for any outstanding security of the Debtors;
>
>   (3) Have not been, within three (3) years before the date of the filing of the Debtors' chapter 11 petitions, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and
>
>   (4) Are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (2) or (3) of this paragraph; and
>
>   (5) Does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect to, connection with, or interest in, the Debtors or an investment banker specified in subparagraph (2) or (3) of this paragraph, or for any other reason.

## WCP's Compensation

15. WCP understands that all compensation payable to it by the Debtors in these cases will be subject to ultimate court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the other orders and guidelines of this Court, including the Compensation Procedure Order.

16. WCP's current customary hourly rates, subject to change from time to time, range from $375 to $615 for partners, $335 to $535 for counsel, $195 to $365 for associates, and $75

to $350 for paraprofessionals. The principal attorneys and paralegals designated to represent the Committee and their current standard hourly rates through December 31, 2002 are:

| | |
|---|---|
| Eric Markus | $ 460 per hour |
| Andrew N. Goldman | $ 460 per hour |
| Matthew Huggins | $ 345 per hour |
| Jorian Rose | $ 330 per hour |
| Roxanne Lin | $ 210 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described. The hourly rates set forth above are WCP's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate WCP for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

17. It is WCP's policy to charge a client in all areas of practice for all reasonable expenses incurred in connection with that client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by WCP to outside copying services for use in mass mailings, reasonable travel and related expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. WCP will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to WCP's other clients, and as authorized by the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court, including the Compensation Procedures Order.
7

18. During the period from the Petition Date to the date of formation of the Committee (the "Pre-Committee Period"), WCP drafted various documents including (a plan of reorganization), reviewed and commented on proposed orders in this case, and sought the Debtor's cooperation in providing information to the Ad Hoc Committee.

19. During the Pre-Committee Period, WCP incurred approximately $22,000 in legal fees and expenses in connection with its representation of the Ad Hoc Committee. The Application to employ WCP seeks authorization to approve WCP as counsel nunc pro tunc to February 14, 2002, but WCP reserves the right on a theory of substantial contribution to seek compensation and reimbursement for its fees and expenses on behalf of the Ad Hoc Committee relating to services performed during the Pre-Committee Period.

20. No promises have been received by WCP, nor by any partner, counsel or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. WCP has no agreement with any other entity to share with such entity any compensation it receives in connection with these chapter 11 cases.

21. I have reviewed the Application, to which this Affidavit is attached as an exhibit, and affirm that the Application accurately reflects WCP's representations to the Committee.

### Retention of Co-Counsel

22. WCP understands that the Committee seeks to retain Young Conaway to act as co-counsel with WCP in connection with these chapter 11 cases. WCP and Young Conaway intend to carefully coordinate their efforts and clearly delineate their respective duties to prevent duplication of effort. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts between the co-counsel will add to the progress and effective administration of these chapter 11 cases. Where WCP concludes that it is reasonably foreseeable that a WCP client will take a position in a particular matter in these

8

that is likely to be adverse to a position taken or to be taken by the Committee, or that representation of any client or exercise of our professional judgment is likely to be adversely affected, WCP will either obtain appropriate consents from the Committee and that client, or will arrange for co-counsel YCST, or such other counsel as the Committee may select, to represent the Committee in any dispute with that WCP client.

WHEREFORE, affiant respectfully prays for the entry of an order, substantially in the form attached to the Application, authorizing the employment of WCP as counsel for the Committee, and for such other and further relief as may be just and proper.

/s/ _____
ANDREW N. GOLDMAN

Sworn to before me this 26th day of February, 2002

_____
Notary Public

My Commission Expires: July 31, 2002

ANDREA P. JAMES
Notary Public, State of New York
No. 03-4816071
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires July 31, 200_